UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael Antrantrino Lee

     v.                               Case No. 20-cv-148-PB

Warden, FCI Berlin


## REPORT AND RECOMMENDATION


Petitioner Michael Antrantrino Lee is a federal prisoner, who was incarcerated at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin"), when he filed a petition seeking a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241.  In the petition, Mr. Lee challenges a disciplinary finding and sanctions imposed at FCI-Gilmer in West Virginia, arguing that the disciplinary proceedings violated his due process rights.  Following preliminary review, the petition was served on the respondent, the FCI-Berlin warden.

After he filed the petition here, Mr. Lee was transferred from FCI-Berlin to FCI-Allenwood in Pennsylvania.  The respondent moves to dismiss Mr. Lee's petition on the ground that the transfer deprived this court of jurisdiction, see Doc. No. 14.  Mr. Lee objected to the motion to dismiss, see Doc. No. 16, and also filed a motion to substitute the Attorney General as the respondent in the case, see Doc. No. 17.

**Discussion**

I.  <u>Motion to Dismiss</u>

The respondent moves to dismiss this case for lack of jurisdiction because Mr. Lee is no longer incarcerated in this district.  The respondent also suggests that the court take a "peek" into the merits of Mr. Lee's claims and, based on a determination that the claims lack merit, dismiss the case with prejudice.  Mr. Lee contends that because his claims seek a restoration of good time credits, not release from custody, and because the Federal Bureau of Prisons ("BOP"), rather than the FCI-Berlin warden, would provide the remedy, this court has not lost jurisdiction.


A.  <u>Jurisdiction and Proper Respondent</u>

In support of dismissing the case, the warden relies on Parker v. Hazelwood, No. 17-cv-484-LM, 2019 DNH 148, 2019 U.S. Dist. LEXIS 152910, 2019 WL 4261832 (D.N.H. Sept. 9, 2019). There, the court noted two jurisdictional limitations in habeas proceedings: "the immediate custodian rule" and "the territorial-jurisdiction rule."[1]  <u>Id.</u> at *2.  A prisoner who

---

[1] Despite the terminology, a § 2241 petitioner's transfer to another district while the petition is pending does not implicate subject matter jurisdiction, and "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring).

brings a petition under § 2241 must name the warden of the facility where he is incarcerated as the respondent, and the court must have personal jurisdiction over the warden.  Id., at *3.  When a prisoner has filed a § 2241 petition naming his custodian as the respondent in a district with personal jurisdiction over that respondent, but is then moved away from that district, the court in the original district "may still issue the writ even though the petitioner's immediate custodian is outside of its jurisdiction so long as a custodian with power to release the petitioner is within the district court's territorial jurisdiction." Id. (construing Ex parte Endo, 323 U.S. 283, 305-06 (1944) and Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004)).[2]

Mr. Lee argues that the Parker jurisdictional analysis does not preclude his petition in this court because he is seeking restoration of good time credit, not release.  He contends that

_____

Nevertheless, despite the reference to personal jurisdiction, courts may not use long-arm statutes to acquire jurisdiction over a respondent who is outside the territorial jurisdiction of the court and "the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." Id. at 445.

[2] Prior to Padilla, the First Circuit held that the court that issues a writ of habeas corpus pursuant to § 2241 "must have personal jurisdiction over the person who holds the person in custody." Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973)).

the Attorney General is the proper respondent as he can order the BOP to restore his good time credit.  He also argues that it is improper to limit jurisdiction to the district where a prisoner is incarcerated at the time the petition is filed because, he alleges, the BOP exploits that limited jurisdiction by transferring prisoners, like Mr. Lee, who bring § 2241 petitions.

Some courts have held that transfer of a prisoner within the BOP system does not divest a court of jurisdiction that was properly acquired at the initial filing.  In In re Hall, 988 F.3d 376 (7th Cir. 2021), the Seventh Circuit interpreted Endo to mean that once a district court acquires jurisdiction to decide a § 2241 petition, it does not "'lose jurisdiction where a person in whose custody [the petitioner] is remains within the district.'"[3] Hall, 988 F.3d at 378 (quoting Endo, 323 U.S. at 304).  The Hall court further found that Padilla was not abrogated by Endo.  Hall, 988 F.3d at 379.  That court found that the Southern District of Indiana, where the petition was originally filed, had jurisdiction, and that the warden of the facility within the Southern District of Indiana in which the petitioner was incarcerated at the time the petition was filed

---

[3] Mr. Lee notified the court of the decision in In re Hall, and the court directed the warden to address that decision, which the warden has done.

4

was properly named as the respondent. Id.  The court then concluded that the petition was properly before the court in the Southern District of Indiana after the petitioner was transferred to the Middle District of Florida because the BOP was the petitioner's "ultimate custodian" and "the [BOP] can take any necessary action [in the Southern District of Indiana]."[4]  Id., see also, e.g., Lennear v. Wilson, 937 F.3d 257, 263 n.1 (4th Cir. 2019); Pinson v. Berkebile, 604 F. App'x 649, 652-53 (10th Cir. 2015); McGee v. Martinez, 490 F. App'x 505, 506 (3d Cir. 2012); Owens v. Roy, 394 F. App'x 61, 62-63 (5th Cir. 2010); Devadas v. U.S. Dep't of Justice, No. 1:20-CV-00370, 2020 U.S. Dist. LEXIS 181944, *2-*3, 2020 WL 5848431, at *1-*2 (W.D. La. July 15, 2020), R&R adopted 2020 U.S. Dist. LEXIS 181100, at *1, 2020 WL 5835013, at *1  (W.D. La. Sept. 29, 2020); St. Louis v. Martin, No. 2:20-cv-349-FtM-60NPM, 2020 U.S. Dist. LEXIS 112986, at *17, 2020 WL 3490179, at *6 (M.D. Fl. June 26, 2020); Chi v. Fernandez, No. 9:18-CV-1212(MAD), 2019 U.S. LEXIS 217193, at *15 n.5, 2019 WL 6894837, at *5, n.5 (W.D.N.Y. Dec. 18, 2019).

Other courts, as another judge in this court did in Parker, have interpreted the holdings in Endo and Padilla to mean that

---

[4] The court did not discuss the petitioner's claims or what action was requested.  Id. at 380 ("The merits of Hall's section 2241 petition are not before us.  We are considering only the venue for that petition.").

only the court in the district where the petitioner is currently
incarcerated or where a person with authority to release the
petitioner is found has jurisdiction to decide a § 2241
petition.  See, e.g., Jones v. Hendrix, No. 2:20-CV-00147-ERE,
2021 U.S. Dist. LEXIS 109554, at *3-*5, 2021 WL 2402196, at *2
(E.D. Ark. June 11, 2021); Raghav v. Wolf, No. CV-20-00551-PHX-
DJH, 2020 U.S. Dist. LEXIS 250751, at *20-*26 (D. Ariz. Sept.
29, 2020) (discussing venue, personal jurisdiction, and
territorial jurisdiction in immigration context and limiting
jurisdiction to the district of confinement), R&R adopted 2021
U.S. LEXIS 36935, at *11, 2021 WL 763850, at *11-*12 (D. Ariz.
Feb. 26, 2021).  Courts have also applied the place of
confinement rule when the petitioner challenges the loss of good
time credits rather than seeking release.  See Rodriguez v.
Young, No. CIV-20-669-J, 2021 U.S. Dist. LEXIS 39752, at *6-*10,
2021 WL 800588, at *1 & *3-*4 (W.D. Okla. Jan. 22, 2021), R&R
adopted 2021 U.S. Dist. LIS 39752, at *1, 2021 WL 795194, at *1
(W.D. Okla. Mar. 2, 2021).  But see Eubanks v. Wilson, No. 15-
2677 (PJS/DTS), 2017 U.S. Dist. LEXIS 81377, at *5-*13, 2017 WL
2303506, at *2-*5 (D. Minn. Apr. 30, 2017) (following precedent
in that district to retain jurisdiction despite transfer and
noting that a contrary decision would cause the petitioner to be
"engaged in an endless game of whac-a-mole chasing the
government across the country in an effort to have his action

decided at the precise moment when jurisdiction permitted"), R&R adopted 2017 U.S. Dist. LEXIS 80552, at *1, 2017 WL 2303963, at *1 (D. Minn. May 25, 2017).

In addition to the decision in Parker that applied the place of confinement rule, additional decisions in this district and in other courts in the First Circuit have held that only a court in the district of current confinement has jurisdiction to decide a § 2241 petition.  See Lindsay v. Warden, No. 19-cv-1101-PB, 2021 U.S. Dist. LEXIS 77634, at *1-*5, 2021 WL 1565582, at *1-*2 (D.N.H. Feb. 26, 2021), R&R adopted 2021 U.S. Dist. LEXIS 76622, at *1, 2021 WL 1565287, at *1 (D.N.H. Apr. 21, 2021); Bostic v. Spaulding, 483 F. Supp. 3d 19, 25 (D. Mass. 2020); Mendez v. Martin, C.A. No. 15-408ML, 2016 U.S. Dist. LEXIS 61623, at *10-*21, 2016 WL 2849598, at *5-*6 (D.R.I. Apr. 19, 2016), R&R adopted 2016 U.S. Dist. LEXIS 61627 at *1, 2016 WL 2732182, at *1 (D.R.I. May 10, 2016).

The First Circuit has not had the opportunity to address the issue outside of the immigration context.  In Thompson v. Barr, 959 F.3d 476 (1st Cir. 2020), the court considered an appeal from the Board of Immigration Appeals, challenging the decision that Thompson was not entitled to relief from deportation.  Id. at 478.  The court construed Thompson's emergency motion for bail as a petition for release under § 2241 and applied the rule, from Padilla, that "'for core habeas

petitions challenging present physical confinement, jurisdiction
lies in only one district: the district of confinement.'"[5]
Thompson, 959 F.3d at 491 (quoting Padilla, 542 U.S. at 443).
Because Thompson was then incarcerated in the Northern District
of Alabama, the court transferred the § 2241 petition (as
Thompson's bail motion had been construed by the court) to that
district.  Thompson, 959 F.3d at 491.

In Vasquez v. Reno, 233 F.3d 688 (1st Cir. 2000), which was
decided before Padilla, the First Circuit considered whether the
district court had jurisdiction to decide a § 2241 petition
brought by a petitioner who the Immigration and Naturalization
Service had detained in Boston, but who was then moved to
Louisiana.  Vasquez, 233 F.3d at 690.  The petitioner named the
Attorney General as the respondent.  Id.  The First Circuit
stated that courts "held with echolalic regularity that a
prisoner's proper custodian for purposes of habeas review is the

---

[5] Mr. Lee's petition challenges a disciplinary proceeding
and the sanction of losing good time credit.  He was sentenced
to 420 months of incarceration on March 20, 2002, United States
v. Lee, 01-cr-221-M (E.D.N.C.) (ECF No. 18); that sentence was
reduced to 384 months on September 10, 2009, id. (ECF No. 29);
and reduced again to 322 months on May 27, 2014, id. (ECF No.
67).  Given the length of his sentence, and his anticipated
release date of May 11, 2022, it does not appear that Mr. Lee is
seeking immediate release if he were to prevail on his § 2241
petition prior to that date.  See BOP Inmate Locator,
https://www.bop.gov/inmateloc/ (last visited June 30, 2021).

warden of the facility where he is being held."[6]  Id. at 691.
Following their lead, the First Circuit rejected the Attorney
General as the proper respondent because "she is not responsible
for day-to-day prison operations and does not hold prisoners in
actual physical custody."  Id.  Based on the "solid wall of
authority and the impeccable logic that supports it, [the First
Circuit] consider[ed] it settled beyond cavil that when a
prisoner petitions for a writ of habeas corpus under 28 U.S.C. §
2241, he must name as the respondent the superintendent of the
facility in which he is being held."  Id.

     Although, as noted above, the legal landscape has changed
somewhat in the twenty-one years since Vasquez was decided,
based on the holdings in the First Circuit cases, along with the
district court cases in the First Circuit, the weight of
pertinent authority supports the conclusion that the Attorney
General cannot be the respondent to a § 2241 petition and that
this district lacks jurisdiction to decide the petition.  For
that reason, the petition should be dismissed.

---

[6] The Vasquez court acknowledged district court cases that
had concluded that the Attorney General was the proper respondent
but found them unpersuasive.  233 F.3d at 692.

B.  Taking a "Peek"

The warden asks the court to dismiss Mr. Lee's petition with prejudice based on a "peek" at the merits of his claims. See Parker, 2019 U.S. Dist. LEXIS 152910, at *13, 2019 WL 4261832, at *5.  As in Parker, "[t]his is not a case where a 'peek' at the merits" shows that Mr. Lee's claims are meritless as would be necessary to dismiss the petition with prejudice.[7] Instead, dismissal without prejudice is the appropriate course.

II.  Motion to Substitute Respondent

Mr. Lee's motion to substitute the Attorney General as respondent should be denied for the reasons stated above.

**Conclusion**

For the foregoing reasons, the district judge should grant the respondent's motion to dismiss (Doc. No. 14), dismiss the petition (Doc. No. 1) without prejudice, and deny Mr. Lee's motion to substitute the respondent (Doc. No. 17).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

---

[7] The warden challenges Mr. Lee's credibility with respect to his claims of malfeasance and misfeasance in the underlying disciplinary action.  The petitioner's credibility is not a determination that can be made on the present record.

Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 1, 2021

cc:  Michael Antrontrino Lee, pro se
     Seth R. Aframe, Esq.